IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Sharon Baker, | ) |
| Plaintiff, | ) |
| v. | ) No.  1:23-cv-00189 |
| New World Collections, Inc., an Indiana corporation, | ) |
| Defendant. | ) Jury Demanded |

**COMPLAINT**

Plaintiff, Sharon Baker, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff and Defendant reside here; and c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Sharon Baker ("Baker"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Hamilton County Endodontics.

4. Defendant New World Collections, Inc. ("New World"), is an Indiana corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. New World operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.

5. Defendant New World was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant New World is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant New World conducts extensive business in Indiana.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Plaintiff was unable to pay her debts, including a debt she allegedly owed to Hamilton County Endodontics. Defendant New World attempted to collect this debt from her via negative credit reporting.

8. Unsure about Defendant New World, and unsure about the debt, Ms. Baker consulted with counsel about her debt issues and the debt that New World was trying to collect.

9. Accordingly, Ms. Baker's attorney wrote to Defendant New World, via a letter dated January 25, 2022, to notify it that Ms. Baker was represented by counsel, and that she disputed the debt that New World was trying to collect. A copy of this letter and fax confirmation are attached as Exhibit B.

10. Ms. Baker's attorney's letter was faxed to, and received by, Defendant

New World at facsimile phone number 317-218-3788, see, Exhibit B.

12. On April 6, 2022, Ms. Baker obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant New World had continued to report the debt she allegedly owed to Hamilton County Endodontics, but had failed to note that the debt was disputed. The pertinent part of Ms. Baker's TransUnion credit report is attached as Exhibit C.

13. Defendant's violation of the FDCPA was material because Defendant's failure to note that the debt was disputed, when Defendant reported, or continued to report, the debt on Plaintiff's credit report harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debt.

14. Furthermore, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the basic common law principle of defamation/fraud that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information, namely that the debt is disputed.

15. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Baker, negatively impacted her credit score, caused her to act to her detriment, and cost her out-of-pocket expenses.

16. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

17. Defendant's collection communications are to be interpreted under the

"unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA – False or Misleading Representations

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("… the following conduct is a violation of this section … including the failure to communicate that a disputed debt is disputed …"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146, 1153 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

20. Defendant, by continuing to report the Hamilton County Endodontics debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

21. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

24. Defendant, by continuing to report the Hamilton County Endodontics debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect, a debt, in violation of § 1692f of the FDCPA.

25. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Sharon Baker, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Baker, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Sharon Baker, demands trial by jury.

                                                    Sharon Baker,

                                                    By: /s/ David J. Philipps_____
                                                    One of Plaintiff's Attorneys

Dated:  January 30, 2023

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com